FILED

2018 JUL 18 AM 9:46

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BRANDON GAUSE,**

        **Plaintiff,**

v.

**MEDICAL BUSINESS CONSULTANTS, INC.**
**d/b/a MEDICAL BUSINESS CONSULTANTS SETTLEMENT DIVISION**

        **Defendant.**

_____/

CASE NO.

8:18-cv-1726T17AAS

**JURY TRIAL DEMANDED**

**CLASS COMPLAINT**

## CLASS ACTION COMPLAINT

Plaintiff, Brandon Gause, by and through the undersigned attorney, files this Class Action Complaint against the Defendant, Medical Business Consultants, Inc. d/b/a Medical Business Consultants Settlement Division ("MBC" or "Defendant") and states as follows:

### PRELIMINARY STATEMENT

1. This is a class action brought under the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. Upon information and belief, MBC provides debt collection services for physicians and other medical service providers in the state of Florida.

3. Here, MBC engages in a pattern and practice of collecting and attempting to collect medical debts from consumers by sending form correspondence that contains language overshadowing and contradicting the required consumer notice under §1692g of the FDCPA. The correspondence misleads consumers about the period within which they may dispute the debt, as



Page 1 of 13

well as the time within which MBC may report the debt to credit bureaus.

4. MBC's form correspondence is calculated to intimidate vulnerable consumers and create a sense of urgency, compelling them to contact MBC immediately, so that MBC's representatives may extract a quick payment without allowing consumers the legally required time to obtain additional information about the debt or dispute it. The form correspondence threatens consumers with dire repercussions: pay or contact MBC immediately or the alleged debt will instantaneously become valid and MBC will report it to credit bureaus before the expiration of the thirty (30) day dispute period provided under law. Immediately after advising consumers that MBC reports to multiple credit bureaus bi-weekly, MBC warns consumers that they risk being denied credit in future situations of need.

5. Further, the form correspondence has the practical effect of leaving consumers unsure and confused about their rights under 1692g to dispute the debt and request additional information about it

6. MBC therefore has policies that violate the FCCPA and FDCPA.

7. Plaintiff seeks damages, costs and attorney's fees from MBC for the above violations.

## JURISDICTION AND VENUE

8. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims, claims under the federal FDCPA, 15 U.S.C. § 1692 *et seq*. Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

10. Plaintiff, Brandon Gause ("Plaintiff" or "Mr. Gause") is a natural person who resides in Hillsborough County, Florida. Plaintiff is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3), and Fla. Stat. § 559.55(2).

11. Defendant, MBC, is a Florida corporation, with its principal place of business in Pinellas County, Florida, does business in the State of Florida, and is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. §559.55(7), as well as a "person" under Fla. Stat. §559.72.

12. Defendant, in the conduct of its business as a debt collector, used one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication, to communicate with Plaintiff.

13. The conduct of Defendant alleged in this Complaint was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant. At all times referenced in this Complaint, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission, and authorization of Defendant. Defendant has no excuse for the communications described in this Complaint.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action as a class action, pursuant to Federal Rule of Civil Procedure 23, on his own behalf and on behalf of all other similarly-situated consumers. The Class is defined as:

> All consumers in the State of Florida who were sent letters and/or notices from MBC substantially similar or materially identical to the Collection Letter sent to Plaintiff, relating to a consumer debt, on or after the date two years prior to the filing of this action.

15. Plaintiff also represents and is a member of a subclass (the "FDCPA Subclass"), which is defined as follows:

> All consumers in the State of Florida who were sent letters and/or notices from MBC substantially similar or materially identical to the Collection Letter sent to Plaintiff, relating to a consumer debt that Defendant acquired after it was in default, on or after the date one year prior to the filing of this action.

### *Numerosity*

16. The class is so numerous that joinder of all members is impracticable. Plaintiff estimates the Class has approximately 1,000 members.

### *Commonality*

17. There are questions of law and fact that are common to the Class and which predominate over questions affecting any individual Class member. Specifically, these common questions of law and fact include, without limitation, (1) whether Defendant violated the FCCPA, Fla. Stat. § 559.72(9) by sending Collection Letters claiming that it has the right to determine the debt valid and report it to credit bureaus prior to the expiration thirty (30) day dispute period under the FDCPA; and (2) whether Defendant violated the FDCPA, 15 U.S.C. § 1692e, 1692f and 1692g, based on the conduct described in this paragraph. Also, all of the Class members reside in the Middle District of Florida and received the same or substantially similar communications from Defendant as described below.

### *Typicality*

18. Plaintiff's claims are typical of the claims of the Class, which are based on the same operative facts and share the same legal theories. Plaintiff has no interest adverse or antagonistic to the interests of other Class members.

### *Adequacy of Class Representation*

19. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

### *Predominance of Common Questions*

20. The common questions set forth in Paragraph 17 predominate over any individual issues.

### *Superiority of Class Resolution*

21. A class action is superior to other methods for the fair and efficient adjudication of the claims asserted herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of the class action.

22. A class action will permit many similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.

23. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for Defendant's conduct.

24. Absent a class action, the Class members will continue to have their rights violated and will continue to suffer the loss of their legal rights, as well as monetary damages.

25. Defendant's actions are generally applicable to the entire Class and accordingly, the relief sought is appropriate with respect to the entire Class.

## FACTUAL ALLEGATIONS

26.     Plaintiff allegedly incurred and owed a consumer "debt" to Florida Cardiology Associates, as defined under 15 U.S.C. § 1692a(5) and Fla. Stat. §559.55(6). Plaintiff's debt to Florida Cardiology Associates was a debt for medical services used for personal, family and/or household use.

27.     Plaintiff's debt was allegedly delinquent or in default when MBC obtained the right to collect the debt. As detailed below, MBC's letter to Plaintiff described the debt as a "delinquent balance."

28.     On or about January 3, 2018, MBC sent Plaintiff a letter to collect a debt (the "Collection Letter").  Plaintiff received the collection letter shortly after MBC mailed it. The collection letter is a computer-generated form letter and, per information and belief, is routinely sent to many consumers.  A copy of the Collection Letter is attached to this Complaint as **Exhibit A**.

29.     Section 1692g(a) of the FDCPA requires a debt collector's initial correspondence to include a disclosure advising the consumer that within thirty (30) days of receiving the initial correspondence, the consumer may send written correspondence to the debt collector: (1) disputing the debt's validity; and (2) requesting verification of the disputed debt, as well as the original creditor's name and address (the "Debt Validation Notice").

30.     The Collection Letter contains a Debt Validation Notice.  However, that disclosure is overshadowed and contradicted by other parts of the letter creating a false sense of urgency to act faster than the law requires.

31.      Specifically, the plain-font disclosure is prefaced by a short sentence including text in all caps typeface at the center of the page that urges the consumer to "CONTACT US

IMMEDIATELY." The disclosure is then followed by a notice in bold typeface located in a separate, outlined box in the lower right-hand corner that draws the reader's attention to a warning about how frequently MBC reports information to credit bureaus.

32. The Collection Letter states, in pertinent part:

We have been retained by the above-named client to settle this account. Please send payment in full in the enclosed envelope.

If you feel that this is not a valid debt CONTACT US IMMEDIATELY AT (727) 538-2252. If you fail to contact us we will have no choice but to assume that this is a VALID and JUST DEBT.

> **We report to multiple Credit Bureaus bi-weekly. This delinquent balance could prevent you from obtaining credit when you need it in the future.**

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.**

Exhibit A (emphasis in original).

33. By informing consumers like Mr. Gause that it will report to credit bureaus biweekly, the Collection Letter creates an additional false sense of urgency to act faster than is required by law.

34. The Collection Letter violates the FCCPA and FDCPA because it is misleading, unfair, and deceptive to the least-sophisticated consumer.

35. Further, the Collection Letter also violates the FDCPA because the Debt Validation Notice is overshadowed and contradicted by the other text, it fails to provide any explanation of its inconsistent statements, and it visually distracts the consumer from the legally required notice.

36. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

## COUNT I - VIOLATION OF THE FCCPA
## (Fla. Stat. §§ 559.72(9))

37. This is an action against Defendant for violation of Fla. Stat. § 559.55 *et seq*.

38. Plaintiff realleges and incorporates paragraphs 1 through 36, as if fully set forth herein.

39. Defendant communicated certain information to Plaintiff as set forth above, which constitutes a "communication" under Fla. Stat. § 559.55(2).

. Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

40. Through its conduct, described above, Defendant violated Fla. Stat. §559.72(9) by asserting that it would assume the debt was valid if Plaintiff failed to contact MBC "immediately" and that Plaintiff faced the imminent risk of having the debt reported to multiple credit bureaus on a biweekly basis despite Plaintiff's right to dispute and obtain validation of the debt within thirty (30) days of receiving the notice.

41. As a direct and proximate result of MCM's violations of Fla. Stat. §559.72(9), Plaintiff and Class members have been harmed.

42. Pursuant to Fla. Stat. § 559.77(2), because of MCM's violation of § 559.72(9), Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

43. Based on Defendant's willful, intentional, knowing, malicious, repetitive, and continuous conduct described in this Complaint, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

44. Each communication made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages.

45. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

46. Plaintiff has retained the undersigned attorneys to pursue this claim against MBC on behalf of the Class members and is obligated to pay a reasonable fee for the attorneys' services.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests this Court enter a judgment in Plaintiff's favor, finding that Defendant violated §559.72(9) of the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff all such further relief that this Court deems necessary or appropriate.

## **COUNT II**

### **VIOLATION OF THE FDCPA BY DEFENDANT MBC**
### **(15 U.S.C. §§ 1692(e), 1692(f), 1692g)**
### **(on behalf of the FDCPA Subclass)**

47. This is an action against Defendant for violation of 15 U.S.C. § 1692 *et seq.*

48. Plaintiff re-alleges and incorporates paragraphs 1 through 38, as if fully set forth herein.

49. Through the conduct described above, Defendant violated the following provisions of the FDCPA:

### **15 U.S.C. § 1692e**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

### **15 U.S.C. § 1692f**

A debt collector may not use unfair or unconscionable means to collect or

attempt to collect any debt.

### 15 U.S.C. §1692g

Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

50. Specifically, Defendant violated 15 U.S.C. §§1692e, 1692f, and 1692g by, among other things: (1) threatening Plaintiff with immediate consequences if Plaintiff did not pay the alleged debt or contact MBC despite Plaintiff's rights under the FDCPA §1692g; (2) asserting that MBC had the right to take and intended to take actions inconsistent with the consumers' rights under the FDCPA §1692g notice. Defendant's communications were false, misleading and amounted to an unconscionable means. Moreover, MBC's communications overshadow and are inconsistent with the consumer's rights under the §1692g notice.

51. Defendant maintains an internal policy that includes the use of misleading or false statements and overshadowing techniques in its debt collection activities.

52. Because of Defendant's violations of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

53. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

54. Plaintiff has retained the undersigned attorneys to pursue this claim against MBC on behalf of the Class members and is obligated to pay a reasonable fee for the attorneys' services.

55. All conditions precedent to this action have occurred, have been satisfied or have been waived.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly-situated, respectfully requests this Court enter a judgment in Plaintiff's favor finding that Defendant has violated §§1692e, 1692f, and 1692g the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with all such further relief as is deemed necessary or appropriate.

### COUNT III - DECLARATORY JUDGMENT ACT
### (28 U.S.C. § 2201 *et seq*)

56. This is an action against Defendant under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. An actual justiciable controversy exists regarding the legality of Defendant's communications with consumers based on Defendant's continued and likely future use of communications substantially similar to or the same as the Collection Letter in its efforts to collect debt.

57. Plaintiff realleges and incorporates paragraphs 1 through 38, as if fully set forth herein.

58. Under the Declaratory Judgment Act, "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201.

59. Further, "necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202.

60. As detailed above, Defendant sent a Collection Letter to Plaintiff that was designed to mislead and confuse the Plaintiff about the existence of FDCPA's debt dispute and validation

period and that contained overshadowing language that contradicted the letter's Debt Validation Notice.

62. Plaintiff was entitled to the 30-day period to dispute and obtain verification of the debt, and MBC could not report the debt to credit bureaus if Plaintiff disputed the debt within this period. Further, Plaintiff was not required to call MBC immediately to dispute the validity of the alleged debt; as the FDCPA §1692g provides that Plaintiff had thirty (30) days notify MBC in writing that the alleged debt was disputed and request verification.

61. There is an actual controversy within the jurisdiction of this Court regarding whether Defendant's conduct in sending the Collection Letter to Plaintiff violates the FCCPA and FDCPA.

63. Plaintiff believes that through the conduct described in this Complaint, Defendant has collected and attempted to collect debts from other consumers as well. Plaintiff believes that Defendant will continue to collect and attempt to collect debts from consumers using communications substantially similar or the same as the Collection Letter.

64. Plaintiff therefore seeks a declaratory judgment finding that Defendant's conduct violates the FCCPA and FDCPA.

65. Further, Defendant should be enjoined from collecting or seeking to collect debts using communications substantially similar or the same as the Collection Letter.

66. Moreover, Defendant should be required to disgorge all amounts collected from consumers that made payments on debts pursuant to those communications substantially similar or the same as the Collection Letter as ill-gotten gains resulting from its improper and deceptive conduct.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests this Court enter a Declaratory Judgment in Plaintiff's favor: (1) finding that Defendant improperly and deceptively pursued collection of debts; (2) finding that Defendant violated the FCCPA and FDCPA; (3) enjoining Defendant from seeking to collect debts using communications substantially similar or the same as the Collection Letter; (4) requiring Defendant to disgorge any amounts received from consumers who allegedly owed debts and made payments to Defendant as a result of communications substantially similar or the same as the Collection Letter; and (5) awarding Plaintiff any and all damages as well as attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiffs are entitled to and hereby respectfully demand a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: July 18, 2018                              Respectfully Submitted,

**KYNES, MARKMAN & FELMAN, P.A.**                 **DUNLAP, BENNETT & LUDWIG, PLLC**
P.O. Box 3396                                     612 W. Bay Street
Tampa, Florida 33601                              Tampa, Florida 33606
Phone:  (813) 229-1118                            Phone:  (813) 360-1529
Fax:    (813) 221-6750                            Fax:    (813) 336-0832

/s/ Katherine Earle Yanes_____                 /s/ Gus M. Centrone_____
**KATHERINE EARLE YANES, ESQ.**                   **BRIAN L. SHRADER, ESQ.**
Florida Bar. No. 658464                           Florida Bar No. 57251
e-mail: kyanes@kmf-law.com                        e-mail: bshrader@dbllawyers.com
Attorney for Plaintiff                            **GUS M. CENTRONE, ESQ.**
                                                  Florida Bar No. 30151
                                                  e-mail: gcentrone@dbllawyers.com
                                                  Attorneys for Plaintiff