# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BRANDON GAUSE,

    Plaintiff,

v.                                                Case No.: 8:18-cv-1726-EAK-AAS

MEDICAL BUSINESS CONSULTANTS,
INC.,

    Defendant.

## ORDER

Plaintiff Brandon Gause moves to certify a putative class of individuals who received allegedly unlawful debt collection letters from Defendant Medical Business Consultants, Inc. ("**MBC**"). (Doc. 18). MBC filed a response on opposition to the motion, (Doc. 21), to which Gause replied, (Doc. 29). The Court will grant the motion.

## I.

Gause, on behalf of himself and the putative class, sues MBC for alleged violations of the Florida Consumer Collection Practices Act ("**FCCPA**"), Fla. Stat. §§ 559.55, *et seq.*, and the Fair Debt Collection Practices Act ("**FDCPA**"), 15 U.S.C. §§ 1692 *et seq.* (Doc. 1). Of the claims that remain,[1] Count I of the complaint alleges MBC's collection letters

---

[1] On December 9, 2019, the Court granted in part and denied in part MBC's motion to dismiss and alternative motion for judgment on the pleadings and dismissed multiple of Gause's claims. (Doc. 43). Many of the arguments MBC now raises in opposition to class treatment of Gause's remaining claims were addressed and rejected by the Court in its prior order on MBC's motion. The Court again rejects those arguments, here, for the same reasons previously stated. *Id.*

violate section 559.72(9) of the FCCPA. *Id.* at ¶¶37–46. Count II of the complaint alleges the collection letters violate section 1692e of the FDCPA. *Id.* at ¶¶47–55.

Gause requests the Court certify the following class of individuals (the "**FCCPA Class**"):

> All individuals in the State of Florida who: (1) were sent letters by Medical Business Consultants, Inc., that are substantially similar or materially identical to the Collection Letter attached to Plaintiff's Complaint; [2] (2) relating to a consumer debt, (3) on or after July 18, 2016.

*Id.* at ¶14. Gause further requests the Court certify the following subclass of individuals (the "**FDCPA Subclass**"):

> All individuals in the State of Florida who: (1) were sent letters by Medical Business Consultants, Inc., that are substantially similar or materially identical to the Collection Letter attached to Plaintiff's Complaint; (2) relating to a consumer debt, (3) that Defendant acquired after it was in default, (4) on or after July 18, 2017.

*Id.* at ¶15.

II.

Rule 23, Fed. R. Civ. P., governs class certification. Preliminarily, the movant must meet the following requirements of Rule 23(a), Fed. R. Civ. P: (1) "the class is so numerous that joinder of all members is impracticable" ("**numerosity**"); (2) "there are questions of law or fact common to the class" ("**commonality**"); (3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class"

---

[2] The collection letter MBC sent to Gause is attached to the complaint at Doc. 1-1.

("**typicality**"); and (4) "the representative parties will fairly and adequately protect the interests of the class" ("**adequacy**"). If the movant satisfies the requirements of Rule 23(a), Fed. R. Civ. P., the movant must meet at least one of the three requirements of Rule 23(b)(1)–(3), Fed. R. Civ. P. The determination of class certification is strictly procedural; Rule 23, Fed. R. Civ. P., grants no authority "to conduct a preliminary inquiry into the merits of a suit to determine whether it may be maintained as a class action." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). The movant must affirmatively establish that the factual record demonstrates the requirements of Rule 23(a) and (b), Fed. R. Civ. P., are sufficiently met. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1188 (11th Cir. 2003).

III.

Gause has met the numerosity requirement. The Eleventh Circuit has indicated that more than forty putative class members is generally enough to satisfy the numerosity requirement. *See Cox v. Amer. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986). Here, the complaint alleges, and MBC concedes, there are more than forty putative class members. (Doc. 1 at ¶16); (Doc. 21 at 16).

Gause has met the commonality requirement. By definition, the putative class contains only individuals who share a common question of law, *i.e.*, whether the nearly identical collection letters sent to the putative class members violate the FCCPA and/or the FDCPA. Each putative class member's claim will rise or fall with the resolution of that

3

common contention. Gause's claims require no individualized questions of fact that would preclude class certification.

Gause has met the typicality requirement. Although the "commonality and typicality requirements of Rule 23(a) tend to merge," *Dukes*, 564 U.S. at 350 n.5, typicality requires special consideration of whether there is "a nexus between the class representative's claims or defenses and the common questions of fact or law which unite the class," *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). Here, the putative class is defined to include individuals who, like Gause, received a form collection letter from MBC. The collection letters received by Gause and the rest of the putative class are alleged to be, in all relevant respects, identical. And all putative class members seek the same remedies: statutory and punitive damages. This nexus is sufficient to render Gause's claims typical of the claims of the class.

Gause has met the adequacy requirement. This requirement encompasses two inquiries: "(1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co.*, 350 F.3d at 1189. Here, Gause is a consumer from whom MBC attempted to collect a debt. Thus, his position is identical to that of each putative class member. Further, it doesn't appear that Gause has any substantial conflict of interest with any member of the putative class. Additionally, the Court finds that Gause and his counsel – lawyers with extensive class action litigation experience – will adequately prosecute this action on behalf of the putative class.

4

Finally, Gause has met at least one of the requirements of Rule 23(b), Fed. R. Civ. P. Gause contends he has met the requirements of Rule 23(b)(3), Fed. R. Civ. P. (Doc. 18 at 18–23). Rule 23(b)(3), Fed. R. Civ. P., requires a finding that (1) "questions of law or fact common to class members predominate over any questions affecting only individual members" (the "**predominance prong**"), and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" (the "**superiority prong**").

With respect to the predominance prong, the Court finds that the common questions of law and fact in this action predominate over individual questions that any putative class member might present. The complaint's allegations center around a common question of fact – the receipt by the putative class members of MBC's form collection letters – and a common question of law – whether MBC's collection letters violate section 559.72(9) of the FCCPA and section 1692e of the FDCPA. The Court doesn't foresee any individual questions that would arise and threaten these common questions.

With respect to the superiority prong, the Court finds that adjudicating this action as a class action is superior to other available methods. The relatively large number of potential claims as well as the relatively small statutory damages, the desirability for consistent outcomes, and the probability that individual members wouldn't have a great interest in controlling the prosecution of these claims all indicate that class treatment is the superior method of adjudicating this action. Indeed, "[c]ourts have repeatedly held that it is appropriate to certify similar FDCPA claims for class action treatment." *Parker v. Risk*

*Mgmt. Alts., Inc.*, 206 F.R.D. 211, 213 (N.D. Ill. 2002). *See also Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620 (6th Cir.2005) (rejecting the defendant's assertion in a FDCPA case that class treatment was not a superior method of adjudicating the claims).

IV.

Accordingly, it is **ORDERED** as follows:

1. Gause's motion for class certification, (Doc. 18), is **GRANTED**.

2. Pursuant to Rule 23(c), Fed. R. Civ. P., the Court certifies the following FCCPA Class:

> All individuals in the State of Florida who: (1) were sent letters by Medical Business Consultants, Inc., that are substantially similar or materially identical to the Collection Letter attached to Plaintiff's Complaint; (2) relating to a consumer debt, (3) on or after July 18, 2016.

3. Pursuant to Rule 23(c), Fed. R. Civ. P., the Court certifies the following FDCPA Subclass:

> All individuals in the State of Florida who: (1) were sent letters by Medical Business Consultants, Inc., that are substantially similar or materially identical to the Collection Letter attached to Plaintiff's Complaint; (2) relating to a consumer debt, (3) that Defendant acquired after it was in default, (4) on or after July 18, 2017.

4. Gause is **APPOINTED** as lead plaintiff and representative of the FCCPA Class and the FDCPA Subclass.

5. Pursuant to Rule 23(g), Fed. R. Civ. P., attorneys Gus M. Centrone and Brian L. Shrader of Centrone & Shrader, PLLC and Katherine E. Yanes of Kynes Markman &

Felman, PA are **APPOINTED** as co-lead counsel of the FCCPA Class and the FDCPA Subclass.

**ORDERED** in Chambers, in Tampa, Florida, this 11th day of December, 2019.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel/Parties of Record