UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDON GAUSE,

    Plaintiff,

v.                                                        Case No: 8:18-cv-1726-T-30AAS

MEDICAL BUSINESS CONSULTANTS,
INC.,

    Defendant.
_____

**ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion for Reconsideration (Dkt. 64) and Plaintiff's Response in Opposition (Dkt. 66). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that Defendant's motion should be denied.

**BACKGROUND**

This class action arises from Defendant Medical Business Consultants, Inc.'s ("MBC") regular practice of sending Florida consumers a form collection letter (the "Letter") that Plaintiff Brandon Gause alleges violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72.

The Letter at issue states it is from MBC's "Settlement Division." While the Letter contains the validation notice required by the FDCPA, the validation notice is preceded by sentences stating, "If you feel that this is not a valid debt CONTACT US

IMMEDIATELY AT [PHONE NUMBER].  If you fail to contact us we will have no choice but to assume that this is a VALID and JUST DEBT."  Ex. A to Dkt. 58.  Further, below the validation notice, the letter contains a separate, outlined box that draws the reader's attention to a warning in bold type about how frequently MBC reports information to credit bureaus:

> **We report to multiple Credit Bureaus bi-weekly. This delinquent balance could prevent you from obtaining credit when you need it in the future.**

*Id.* (emphasis in original).

MBC filed a motion to dismiss the complaint for lack of standing and a motion for judgment on the pleadings.  Dkt. 23.  On December 9, 2019, the Court entered an Order granting in part and denying in part MBC's motion to dismiss and motion for judgment on the pleadings.  Dkt. 45.  In ruling on MBC's motion, the Court held, in relevant part, as follows:

- Gause has standing to sue MBC under Section 1692e and Section 1692f of the FDCPA because, by alleging that the Letter was false, deceptive, and misleading, and that it amounted to an unfair and unconscionable means of collection, the complaint alleged a substantive violation, which is a concrete injury in fact.  Dkt. 45 at 29-33.

- Gause has standing to sue MBC under section 559.72(9) of the FCCPA because, by alleging the Letter asserted a legal right the MBC knew it did not have, the complaint alleges a substantive violation, which is a concrete injury in fact.  *Id.* at 33-34.

- Gause stated a claim for violation of section 559.72(9) of the FCCPA because he sufficiently alleged MBC asserted the existence of a legal right it knew did not exist by stating in the Letter it would assume the debt was valid if the recipient did not contact MBC immediately.  *Id.* at 41-44.

- Gause's claim under FDCPA subsection 1692e(10), prohibiting the use of any false representation or deceptive means to collect any debt, is evaluated under the "least sophisticated consumer" standard, and there is a genuine factual dispute that must be resolved by a jury and not by the Court as a matter of law regarding whether a least sophisticated consumer would find the Letter threatening or otherwise deceptive.  *Id.* at 45-46, 48.

- Gause's claim under FDCPA subsection 1692e(5), prohibiting the threat of any action that is not intended to be taken, is evaluated from the perspective of the debt collector, based on whether the debt collector truly intended to take the action threatened, and there is a genuine factual dispute that must be resolved by a jury and not by the Court as a matter of law regarding whether MBC in fact intended to report the debt to a credit bureau within the validation period.  *Id.* at 46-48.

The parties conducted discovery and MBC then filed a motion for summary judgment and rehashed its previous arguments about standing. The Court held that there was nothing in the record that would alter the Court's prior ruling on Gause's standing. The Court also held that there were disputed issues of fact because the record reflected that MBC admitted that it never reported a debt to a credit bureau within thirty days of sending an initial communication. Dkt. 60.

Now, MBC moves the Court for reconsideration as to the Court's prior rulings on standing based on the Eleventh Circuit's recent opinion in *Trichell v. Midland Credit Management, Inc.*, 964 F. 3d 990 (11th Cir. 2020). After the filing of MBC's motion, the Eleventh Circuit again addressed standing to assert statutory consumer claims in *Cooper v. Atlantic Credit & Finance Inc.*, No. 19-12177, 2020 WL 4332410 (11th Cir. July 28, 2020). As explained further below, the Court has reviewed *Trichell* and *Cooper* and concludes that Gause has standing to assert his claims. Accordingly, the motion for reconsideration will be denied.

## DISCUSSION

A court may grant reconsideration if one of the following grounds applies: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Stalley v. ADS Alliance Data Sys., Inc.*, 296 F.R.D. 670, 687 (M.D. Fla. 2013). "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Fla. Coll. of*

4

*Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (internal quotations omitted).

MBC argues the first ground applies, i.e., there has been an intervening change in controlling law. To understand this argument, the Court begins with a discussion of the recent *Trichell* opinion. In *Trichell*, the Eleventh Circuit addressed two plaintiffs' claims that the debt collectors violated the FDCPA when they offered debt repayment plans on time-barred debts. 2020 WL 3634917, at *1-*2. In addressing the plaintiffs' standing, the Eleventh Circuit observed that "neither plaintiff alleges that he made any payments in response to the defendants' letters—or even that he wasted time or money in determining whether to do so," but rather that they "asserted only intangible injuries, in the form of alleged violations of the FDCPA." *Id.* at *3. The Eleventh Circuit noted that, even in the context of a statutory violation, "Article III standing requires a concrete injury." *Id.* It concluded that the plaintiffs did not allege reliance or actual damages. Instead, the plaintiffs alleged harm only to "unsophisticated consumer[s]," which was insufficient. *Id.* at *6.

Similarly, in *Cooper*, the Eleventh Circuit held the plaintiff had "not alleged an injury-in-fact sufficient to confer standing" because her confusion regarding her statutory rights was insufficient to establish she had standing "without any possible financial or legal consequences." 2020 WL 4332410, at *3. The Eleventh Circuit noted that the plaintiff did "not allege that her confusion about her statutory rights resulted in her not disputing the debt, that her confusion would have resulted in her utilizing one of the payment options in the second letter despite the debt being invalid, that her confusion would have

resurrected any previously invalid debt, or that the confusion would have resulted in any other negative consequences." *Id.* at *4. Because the plaintiff did not allege "she was affected in any meaningful way by the letter," she had not established "any particularized injury" and lacked standing. *Id.*

MBC argues *Trichell* supports reconsideration of the Court's Order denying summary judgment because Gause did not contact MBC, contest the debt, or suffer actual damages as a result of his receipt of the Letter. But, as Gause argues in his response, MBC overlooks the harm Gause testified the Letter caused him and conflates "actual damages" with "concrete harm." In contrast to the mere "risk" of harm alleged by the *Trichell* plaintiffs—or the absence of any allegation that the plaintiff in *Cooper* was affected by or suffered negative consequences from the collection letters—Gause's testimony demonstrates he suffered "real" injury from the Letter and, thus, a concrete harm.

For example, Gause testified as follows. Gause is disabled due to serious cardiac issues. Dkt. 59, Ex. A at 32:19-33:9. When he received the Letter, he found it "intimidating" and it made him "upset." Id. at 11:9, 23. Gause testified that the instruction to contact MBC "immediately" or MBC "would have no choice but to assume this debt" is valid, received at a time when he was recovering from surgery and had "no money," was "intimidating and frightening." *Id*. at 13:19-14:1; *see also id.* at 16:23-24 ("When you're poor and you don't have money, and you receive a letter like this, it's intimidating."). Gause stated that all "[c]ollection letters are intimidating," but that the one from Defendant "stood out." *Id.* at 24:19-22. When Gause was asked how he was harmed by the Letter, he said receiving it was "emotionally stressful." *Id.* at 17:18. He

6

testified that the language in the Letter "makes it scarier because [he is] not a person who likes to be in trouble," and the Letter made him feel like he was "in trouble." *Id.* at 25:4-6. Gause's testimony reflects that he suffered a real and concrete injury associated with the Letter's statutory violations.

Further, unlike in *Trichell* and *Cooper*, the language in the Letter that MBC reported to credit bureaus biweekly was untrue. As the Court noted in its Order denying MBC's motion for summary judgment, "the record reflects that MBC has admitted that it never reported a debt to a credit bureau within thirty days of sending an initial communication." Dkt. 60 at 4.

In sum, the Court concludes that Gause has standing to assert his claims. The *Trichell* and *Cooper* opinions do not persuade the Court to depart from its prior rulings because Gause's testimony reflects concrete harm that is particular to him.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration (Dkt. 64) is denied.

**DONE** and **ORDERED** in Tampa, Florida, this 27th day of August, 2020.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record